IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT SPRINGFIELD

| | |
|---|---|
| **CREDIT ACCEPTANCE CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLIED AMERICAN RECOVERY, MISSOURI, LLC,**<br><br>Serve:    **A.R. Jones, Registered Agent**<br>           **4319 S. National, Suite 147**<br>           **Springfield, MO 65810**<br><br>Defendant. | Case No.: |

## **VERIFIED COMPLAINT**

COMES NOW Plaintiff Credit Acceptance Corporation, by and through its undersigned counsel of record, and states as follows for its Petition for Replevin and Damages:

### The Parties

1. Plaintiff Credit Acceptance Corporation ("Credit Acceptance") is a Michigan corporation with its principal place of business located at 25050 West Twelve Mile Road, Southfield, Michigan.

2. Defendant Allied American Recovery, Missouri, LLC, ("Contractor"), formally known as International Investigative Service, LLC, operates under the registered fictitious name Allied Recovery Service, LLC, and is a Missouri limited liability company. Defendant's registered agent is A.R. Jones who may be served at 4319 S. National, Suite 147, Springfield, Missouri.

1

3. Anthony Jones is the managing member and, upon information and belief, the sole member, of Defendant.

## Jurisdiction and Venue

4. The Court has jurisdiction under 28 U.S.C. § 1391, in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391. A substantial part of the actions giving rise to this dispute occurred within this judicial district; and the Defendant resides within this judicial district.

## Background

6. Credit Acceptance provides secured financing for the purchase of automobiles by consumers.

7. The financing is secured by retail installment sales contracts with consumers, which are subsequently assigned to Credit Acceptance.

8. Each retail installment sales contract vests Credit Acceptance with a first priority security in the vehicle financed.

9. If customers fall behind on payments under the contract, Credit Acceptance is entitled to repossess the vehicle.

10. Credit Acceptance hires independent repossession contractors who are responsible for locating and repossessing the vehicles.

11. Upon recovery of a vehicle, the repossession contractor is responsible for the vehicle, and its safe delivery to the auction company as directed by Credit Acceptance.

4835-1010-1805.1

12. Upon repossession, consumers are offered the opportunity to redeem their vehicles.

13. The right of redemption is a statutorily prescribed right by Mo. Ann. Stat. § 400.9-623 (West) and is available until the vehicle is sold.

14. Vehicles are transported to an auction where they are stored prior to sale and during the statutorily required notice of intent to sell period.

15. If the customer does not redeem the vehicle, the vehicle is sold at auction, and the proceeds of the sales are applied to the customers' account balance.

16. Upon arrival at the auction site or during the vehicle release to the auction assigned transportation company, a Credit Acceptance drop vehicle form or Auction Pick up request form is signed by the auction or transporter to acknowledge receipt of the vehicle.

17. Only after receipt and proof of the auction or transporters signature on the form provided to Credit Acceptance, is Contractor entitled to payment.

### Credit Acceptance's Agreement with Contractor

18. In 2014, Credit Acceptance entered into the Repossession Services Agreement ("Agreement") with Contractor. A true and accurate copy is attached hereto as Ex. A.

19. The Agreement defined the relationship and expectations of the parties.

20. The Agreement provides:

> Credit Acceptance has agreed to assign specific Vehicles ("Vehicle" or "Vehicles") to Contractor, and Contractor has agreed to provide appropriate labor, material, and services to repossess those Vehicles ("the Services") in accordance with the terms of this Agreement and applicable law.

*See* Ex. A at ¶ 1.B.

21. Once Vehicles are repossessed, Contractor:

> ... agrees to store and protect all repossessed Vehicles, and hold them in trust for Credit Acceptance, until such time as the Vehicles are delivered to a specified auction site, or retrieved by an Account Debtor.

*See* Ex. A at ¶ 2.F.

22. The Agreement provides:

> Unless Credit Acceptance instructs otherwise, Contractor will have all repossessed Vehicles transported to an auction or other site specified by Credit Acceptance, or have it released to a transportation company specified by Credit Acceptance, and notify Credit Acceptance of the stock number assigned by such auction or transportation company, **within five (5) calendar days after the date of repossession** (unless applicable law specifically requires the Vehicle to be held longer).

*See* Ex. A at ¶ 2.G (emphasis added).

23. The Agreement gives Credit Acceptance the right to inspect the premises:

> Contractor agrees that Credit Acceptance shall have the right, with prior notice, to inspect the Contractor's premises to determine if the Contractor is complying with its obligations under this Agreement. Contractor shall make its premises available to Credit Acceptance for and during each inspection, and shall have the right to witness each inspection.

*See* Ex. A at ¶ 9.

24. Contractor is also to provide minimum insurance requirements on the premises where Vehicles are stored.

25. Inherent in the foregoing provision allowing for inspection of Contractor's premises is prior notice to Credit Acceptance of the location where Vehicles are being stored.

26. The Agreement provides for termination:

> Any party may terminate this Agreement at any time by providing oral or written notice of termination to the other party. This Agreement shall terminate immediately upon receipt of such notice by either party, and no additional fees or costs will be charged or recoverable, except Contractor will be obligated to comply with all of the requirements set forth in section 8D of this Agreement below, and have a right to be compensated for services rendered pursuant thereto in accordance with the terms and conditions of this Agreement.

4

*See* Ex. A at ¶ 8.B.

27.   In the event of termination, Contractor is required to:

A.   Upon termination of this Agreement, Contractor will do each of the following:

(1) Immediately discontinue efforts to repossess any Vehicles referred by Credit Acceptance;

(2) **Transport, or make available for transport, Vehicles repossessed by Contractor prior to termination of this Agreement to a location designated by Credit Acceptance, within 3 days after receiving a written request to do so from Credit Acceptance;**

(3) Return to Credit Acceptance any and all documents relating to Vehicles and Account Debtors; and

(4) Submit any unpaid invoices to Credit Acceptance, within 5 days after this Agreement is terminated.

*See* Ex. A at ¶ 8.D (emphasis added).

28.   The Agreement further provides: "The prevailing party shall receive from the other party all reasonable costs, expenses and reasonable attorney's fees incurred by the prevailing party in enforcing the terms of this Agreement." *See* Ex. A at ¶13.A.

### Contractor is Wrongfully Detaining Vehicles to Which Contractor has No Right of Possession

29.   Beginning in November, 2015, Contractor was assigned and repossessed eleven Vehicles securing eleven accounts held by Credit Acceptance.

30.   The eleven Vehicles are:

| Year/Make/Model | Last 4 of VIN[1] |
|---|---|
| 1998 Dodge Ram 1500 | 4128 |
| 2008 Jeep Wrangler | 2763 |
| 2000 Mercedes-Benz E Class | 6944 |
| 2001 Dodge Grand Caravan | 7178 |
| 2005 Chevrolet Suburban | 1425 |
| 2007 Ford Five Hundred | 8176 |

---

[1] Only the last four digits of the Vehicle Identification Numbers are provided for the sake of customer privacy.

5

| | |
|---|---|
| 2002 Nissan Pathfinder | 3205 |
| 2007 Jeep Liberty | 5345 |
| 2006 Acura MDX | 2699 |
| 2003 Chevrolet Silverado | 9855 |
| 2000 Dodge Ram 1500 | 9453 |

31. Each Vehicle secures a consumer account financed by Credit Acceptance.

32. Each of those consumer accounts has an open and outstanding balance.

33. The total value of the outstanding balances on the eleven accounts is $76,888.04.

34. To date, Contractor refuses to release or deliver the Vehicles to Credit Acceptance or the designated auction company to whom the Vehicles are to be sent.

35. The following Vehicles are being wrongfully detained by Contractor and are estimated to have the following values:

| Year/Make/Model | Last 4 of VIN | Value |
|---|---|---|
| 1998 Dodge Ram 1500 | 4128 | $825.00 |
| 2008 Jeep Wrangler | 2763 | $15,050.00 |
| 2000 Mercedes-Benz E Class | 6944 | $1,300.00 |
| 2001 Dodge Grand Caravan | 7178 | $725.00 |
| 2005 Chevrolet Suburban | 1425 | $5,050.00 |
| 2007 Ford Five Hundred | 8176 | $2,900.00 |
| 2002 Nissan Pathfinder | 3205 | $2,175.00 |
| 2007 Jeep Liberty | 5345 | $6,275.00 |
| 2006 Acura MDX | 2699 | $8,200.00 |
| 2003 Chevrolet Silverado | 9855 | $2,800.00 |
| 2000 Dodge Ram 1500 | 9453 | $3,000.00 |

36. Contractor was paid in full for the repossession and transfer or transport to auction of each Vehicle, even though the Vehicles had not been released or transported to auction.

37. Contractor falsified vehicle condition reports to Credit Acceptance which resulted in Credit Acceptance inadvertently paying Contractor—in full—prior to Contractor relinquishing possession of the Vehicles.

38. Contractor has been fully compensated according the terms of the Agreement.

6

39. More than five days have passed since Contractor repossessed the Vehicles and Contractor failed to deliver the Vehicles to auction or make them available to Credit Acceptance.

40. On January 22, 2016 at 10:22 a.m., Anthony Jones sent an email stating that he had placed all the Vehicles on "lien status" and **"no Vehicles can be redeemed by your customers** and there will be no transport of any Vehicle in [Contractor's] possession, hence, Contractor will maintain in [sic] possession." *See* Ex. B (emphasis added).

41. In addition to refusing to release the Vehicles, Contractor stated in the email that "standard storage rate [sic] now applies, and is effective *from the date of repossession through the time of presumed release or transport*." *See* Ex. B (emphasis added).

42. The email also purports to assess a nebulous extra-contractual category of "additional fees" on Credit Acceptance.

43. Contractor has no legal or equitable possessory interest in the Vehicles.

44. As stated in the Agreement, Contractor only "store[s] and protect[s] all repossessed Vehicles, and hold[s] them in trust for Credit Acceptance." *See* Ex. A at 2.¶F.

45. Contractor is holding the Vehicles hostage and seeking payments for charges, services and/or fees which are not contemplated by the contract and despite the fact Contractor was paid in full per the terms of the contract.

46. Contractor sent another January 22, 2016 email later in the day at 2:29 p.m.

47. In the 2:29 p.m. email, Contractor appears to claim $33,700 in fees beyond the terms of the contract. *See* Ex. C.

48. Defendant childishly included the emoji for what is commonly considered a pile of feces in the afternoon email. *See* Ex. C.

49. In Credit Acceptance's efforts to obtain possession of the Vehicles, it was learned that all eleven Vehicles may be being kept at a location that was not previously disclosed to

7

Credit Acceptance as a business storage location of Contractor, and which was not properly insured as required by the Agreement.

50. Upon information and belief, Contractor was storing the Vehicles at the personal residence of one of Contractor's employees.

51. The location of the Vehicles was believed to be 2000 Temperance Valley Road, Goodman, Missouri.

52. On January 26, 2016, Credit Acceptance learned that Contractor may have moved some the Vehicles to new and different locations.

53. Of the locations, only four Vehicles are stored at a location approved by Credit Acceptance and for which Contractor maintains insurance protecting the Vehicles as required by the Agreement.

54. Seven Vehicles are believed to be stored at 1039 E. Manchester Drive, Springfield, Missouri, consisting of the following Vehicles:

| Year/Make/Model | Last 4 of VIN |
|---|---|
| 1998 Dodge Ram 1500 | 4128 |
| 2000 Mercedes-Benz E Class | 6944 |
| 2001 Dodge Grand Caravan | 7178 |
| 2005 Chevrolet Suburban | 1425 |
| 2007 Ford Five Hundred | 8176 |
| 2003 Chevrolet Silverado | 9855 |
| 2000 Dodge Ram 1500 | 9453 |

55. Two Vehicles are believed to be stored at 1226 S. Glenstone, Springfield, Missouri, the only Plaintiff approved location for which Defendant has provided proof of insurance against loss to the Vehicles:

| Year/Make/Model | Last 4 of VIN |
|---|---|
| 2008 Jeep Wrangler | 2763 |
| 2002 Nissan Pathfinder | 3205 |

56. Two Vehicles are believed to be stored at 1052 S. Wall Ave., Joplin, Missouri:

| Year/Make/Model | Last 4 of VIN |
|---|---|
| 2007 Jeep Liberty | 5345 |
| 2006 Acura MDX | 2699 |

57. Seven of the eleven consumers have advised Credit Acceptance of their intent to redeem their vehicle.

58. Contractor's wrongful detention of the Vehicles interferes with the consumers' right to redeem the vehicles.

59. The fair market value of the Vehicles is $48,300.00.

60. The total loan balances of the secured loans is $76,888.04.

61. Without possession of the Vehicles, Credit Acceptance is barred from proceeding with the disposition of the Vehicles and collection of the outstanding loan balances.

62. The Vehicles were not seized under legal process.

### Count I – Replevin and Immediate Possession

63. Credit Acceptance incorporates paragraphs 1-62 as though fully set forth herein.

64. Credit Acceptance holds eleven Retail Installment Contracts secured by the Vehicles.

65. In each instance, the contract is in default and Credit Acceptance is entitled to repossess the each Vehicle securing the contract and proceed with disposing of the Vehicle and applying those proceeds to the account balance.

66. As the secured party, Credit Acceptance is entitled to possession of each Vehicle.

67. Credit Acceptance entered into the Agreement with Contractor to govern the repossession process of vehicles assigned to Contractor for repossession.

68. The eleven Vehicles securing the defaulted contracts were assigned to Contractor for repossession.

69. Contractor repossessed the Vehicles as requested, but refuses to release the Vehicles to Credit Acceptance.

70. Contractor has no basis for possession of the Vehicles, and is wrongfully in possession of the Vehicles.

71. Contractor's wrongful detention of the Vehicles deprives Credit Acceptance of its right to possession and those rights of consumers who seek to redeem their vehicles.

72. The value of the Vehicles is: $48,300.00.

73. The Vehicles have not been seized under any legal process.

74. Credit Acceptance is in danger of losing the property unless immediate possession is obtained or the property is otherwise secured because Contractor is already moving the Vehicles from location to location, automobiles are easily transported, Contractor is in the business of transporting automobiles, Contractor's wrongful detention of the Vehicles can only be for an improper purposes and is interfering with the rights of Missouri consumers.

### Count II – Breach of Contract

75. Credit Acceptance incorporates paragraphs 1-74 as though fully set forth herein.

76. In the Agreement, Contractor agreed to Transport, or make available for transport, Vehicles repossessed by Contractor prior to termination of this Agreement to a location designated by Credit Acceptance, within 3 days after receiving a written request to do so from Credit Acceptance.

77. Contractor breached the Agreement by failing to transport, or make available for transport, Vehicles repossessed by Contractor prior to termination of the Agreement.

10

78. The Agreement further provides: "The prevailing party shall receive from the other party all reasonable costs, expenses and reasonable attorney's fees incurred by the prevailing party in enforcing the terms of this Agreement." *See* Ex. A at ¶13.A.

79. Credit Acceptance notified Contractor of its breaches and demanded Contractor immediately transport (or make available for transport) the repossessed Vehicles pursuant to the terms of the Agreement.

80. Contractor failed and refused, and continues to fail and refuse, to transport (or make available for transport) the repossessed Vehicles to Credit Acceptance's damage in an amount, including attorney's fees and costs, yet to be determined.

WHEREFORE, Credit Acceptance prays for judgment on Counts I and II against Contractor, for immediate possession of the Vehicles identified herein, plus damages in excess of $75,000.00 related to Contractor's unlawful possession of said Vehicles and breaches of the Agreement in a sum as may be awarded according to proof, together with pre- and post-judgment interest, plus reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: February 1, 2016

Respectfully submitted,

/s/ *William H. Henderson*
William H. Henderson
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
Phone: (816) 960-0090
Facsimile: (816) 960-0041
William.Henderson@kutakrock.com
**ATTORNEY FOR PLAINTIFF**

State of Michigan     )
                      ) ss
County of Oakland     )

I, __Kimberly Lorenz__, __Legal Assistant__ of Plaintiff, a Michigan corporation, being duly sworn upon my oath, states and affirms that the statements contained in the foregoing Verified Petition are true and correct to the best of my knowledge, information and belief.

_Kimberly Lorenz_
Name Kimberly Lorenz
Title Legal Assistant

On this __1__ day of February, 2016, before me, a Notary Public in and for said State, personally appeared __Kimberly Lorenz__, known to me to be the person who executed the within Verified Petition, and acknowledged to me that he/she executed the same for the purposes therein stated.

_Wendy Mack_
Notary Public
My Commission Expires:

> WENDY MACK
> Notary Public - Michigan
> Macomb County
> My Commission Expires Jul 2, 2021
> Acting in the County of Oakland

12

4835-1010-1805.1