IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **CREDIT ACCEPTANCE CORPORATION,** | |
| Plaintiff, | |
| v. | Case No.: 6:16-cv-03036-MDH |
| **ALLIED AMERICAN RECOVERY, MISSOURI, LLC, ANTHONY JONES, MONTANA RECOVERY SERVICE, LLC, and GERARDO (BEN) MARQUEZ,** | |
| Defendants. | |

## ORDER

Plaintiff filed its Amended Complaint on March 21, 2016 and service was accomplished on defendant Marquez on March 31, 2016. Defendants Allied American Recovery, Anthony Jones, and Montana Recovery Services had been previously served with the original Complaint. On May 2, 2016, the Court ordered Defendants to show cause within 15 days as to why default judgment should not be entered against them. To date, Defendants have failed to respond.

On September 12, 2016, the Court held an evidentiary hearing on Plaintiff's pending motions. The Court previously Ordered that Defendants Jones and Marquez personally appear at the hearing. A copy of the Order was mailed to defendant Marquez. Counsel for defendants Jones, Allied American Recovery and Montana Recovery Service indicated during the hearing that his clients were aware of the hearing and that the Court had ordered them to appear. Counsel further indicated he had counseled his clients that their failure to appear would likely result in judgment being entered against them, as well as possible sanctions for failure to appear. Defendants did not appear at the hearing. Attorney Douglas Parker appeared on behalf of his

1

clients, but stated he did not know why his clients failed to appear despite his conversations with them about the Court's prior Orders.

Wherefore, based on the record before the Court, including the Court's prior hearings and previous Orders:

**IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default (Doc. 33) is **GRANTED**. The Clerk of the Court is hereby directed to enter default against Defendants Allied American Recovery, Missouri LLC, Anthony Jones, Montana Recovery Service, LLC and Gerardo Marquez pursuant to Federal Rule of Civil Procedure 55(a). Defendants are found to be jointly and severally liable to Plaintiff in the amount of $81,401.16, including post-judgment interest at the statutory rate until paid in full. Further, Plaintiff as the prevailing party is entitled to recover its attorney's fees and costs, plus post-judgment interest at the statutory rate until paid in full.[1] Plaintiff is ordered to submit to the Court documentation of the attorney's fees and costs it seeks in this matter.

It is further **ORDERED** that Plaintiff's Motions for Sanctions and Contempt (Docs. 20 and 32) are **GRANTED**. As stated, this Court has conducted hearings in this matter in which the Defendants were Ordered to appear but failed to do so. Further, Defendant Allied American Recovery and Jones have failed to provide information regarding the location and possession of the vehicles, or to deliver and return the vehicles to Plaintiff, again despite the Court's prior Orders to do so. Defendants have failed to present any evidence to this Court with regard to any efforts to comply with the Court's prior Order. As a result, and for good cause shown, Defendants are ordered to pay Plaintiff's attorney's fees and costs associated with its efforts to

---

[1] The parties' Repossession Services Agreement states "the prevailing party shall receive from the other party all reasonable costs, expenses and reasonable attorneys' fees incurred by the prevailing party in enforcing the terms of this Agreement." See ECF 1-2.

investigate and locate the vehicles and prepare its motions in Court. Plaintiff is ordered to submit to the Court documentation of the attorney's fees and costs it seeks pursuant to the Motions for Sanctions and Contempt.

It is **FURTHER ORDERED** that Plaintiff's Motion for Issuance of a Writ of Replevin is **GRANTED IN PART AND DENIED IN PART**. (Doc. 31). The Court **GRANTS** Plaintiff's Motion for a Writ of Replevin to recover the eleven vehicles identified in its motion as previously ordered by the Court on March 28, 2016. (Doc. 28). However, the Court **DENIES** the motion to the extent it requests that the Court order the United States Marshal to recover the property. The following vehicles continue to be subject to replevin pursuant to the Court's prior Order:

| Year/Make/Model | Last 4 of VIN |
| --- | --- |
| 1998 Dodge Ram 1500 | 4128 |
| 2008 Jeep Wrangler | 2763 |
| 2000 Mercedes-Benz E Class | 6944 |
| 2001 Dodge Grand Caravan | 7178 |
| 2005 Chevrolet Suburban | 1425 |
| 2007 Ford F150 | 7877 |
| 2002 Nissan Pathfinder | 3205 |
| 2007 Jeep Liberty | 5345 |
| 2006 Acura MDX | 2699 |
| 2003 Chevrolet Silverado | 9855 |
| 2000 Dodge Ram 1500 | 9453 |

Finally, the Court **GRANTS** Douglas A. Parker's Motion to Withdraw as Attorney for defendants Allied American Recovery, Anthony Jones and Montana Recovery Service, LLC. (Doc. 36).

**IT IS SO ORDERED.**

Dated: November 1, 2016  /s/ Douglas Harpool
Douglas Harpool
United States District Judge